[Docket No. 26]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOANNE EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET STORES, INC., and TARGET CORP.,<br><br>    Defendants. | Civil No. 17-2646 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

SIMON & SIMON P.C.
By: Marc I. Simon, Esq.
8408 Atlantic Avenue
Margate, New Jersey 08402
    *Counsel for Plaintiff*

MAYFIELD, TURNER, O'MARA & DONNELLY, P.C.
By: John V. Petrycki, Esq.
    Sara K. Saltsman, Esq.
2201 Route 38, Suite 300
Cherry Hill, New Jersey 08002
    *Counsel for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This is a personal injury suit. The one-count Amended Complaint alleges that Defendant Target Stores, Inc. / Target Corporation's negligence caused Plaintiff Joanne Edwards to "slip

1

and fall on a substance that was on the floor" in the Target store located in Sewell, New Jersey. (Amend. Compl. ¶ 11)[1]

Target moves for summary judgment asserting that no reasonable factfinder could find on this record that there was any substance on the floor, or other dangerous condition of which Target should have known, that caused Edwards to fall, and even if there was, no reasonable factfinder could conclude that Target should have known about it. The Court agrees on both issues, therefore Target's Motion for Summary Judgment will be granted.

I.  **FACTUAL BACKGROUND**

In the early afternoon of April 20, 2015 Edwards, who was 76 years old at the time, was shopping with a friend in Target when she suffered two separate falls. (Statement of Undisputed Facts ("SUF") ¶ 1) Edwards testified that Target was the fourth store that she and her friend had visited since leaving the house after breakfast that morning. (Edwards Dep. p. 26-29)

After walking to the back of the Target store and determining that Target did not have what Edwards was looking for, Edwards and her friend began to walk down an aisle towards the front entrance of the store with the intention of leaving. (SUF ¶¶ 2-3) Then Edwards fell and hit her left hip on the floor. (Id. ¶ 3) Edwards' deposition testimony is the only

---

[1] The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2

evidence in the record describing what happened when Edwards fell[2]:

> A: . . . I don't know how I fell, why I fell. I think I stepped in something . . . it felt like glue or something[.]
>
> . . . .
>
> Q: Do you know what caused you to go down to the ground?
>
> A: I think I stepped in something. I don't know what it was. It was on my shoe, whatever it was. . . . I felt my foot stick to the floor.
>
> . . . .
>
> Q: At any time before this fall that we're talking about did you see anything on the floor?
>
> A: No, sir.
>
> . . . .
>
> Q: How did you come to believe that there was something on the bottom of your shoe?
>
> A: What else could it have been? I was fine. I felt great. I was on my way out the door. I don't know.
>
> Q: You had just told me that you felt something sticky on your shoe and I'm trying to figure out how you came to realize there was something sticky on your shoe.
>
> A: My imagination thought it was something on my foot. How else would I have fallen? . . . .
>
> A: I assumed it was something on [my shoe] because why else would I have fallen? I had to step in

---

[2] The only other person to witness the first fall was Edwards' friend, Dee Wolf, who accompanied her that day. (Edwards Dep. p. 31) However, Edwards testified that she no longer "keep[s] in contact with" Wolf; Edwards believes Wolf moved to South Carolina. (Id. p. 37-38)

3

> something, that's all I can remember. . . . What would have made me fall?

(Edwards Dep. p. 30-34)

The Target employee who came to assist Edwards after her first fall testified:

> A: Miss Edwards, she was on -- on the ground, saying that . . . she had tripped over her own two feet.
>
> Q: Did she say that she tripped over her own two feet?
>
> A: Yes. She actually made that -- that funny type of -- embarrassed, like, I just tripped over my own two feet. She clearly didn't want help . . . .
>
> A: She just wanted to continue moving, to get up and go.

(Wittkorn Dep. p. 35-36)

After sitting a chair for a few minutes, Edwards testified that she "felt good" and started walking towards the front of the store again. (Edwards Dep. p. 35) Edwards took 10 to 15 steps and then, she testified, "down I went. That's all I remember." (Id.) Edwards hit her head and face and was transported by ambulance to the hospital. (Id. ¶ 36, 44)

When asked, "[d]o you know what caused you to fall the second time?" Edwards responded, "[i]magine the same, something on my shoe. I just kept thinking that there was some glue or something on my shoe." (Id. p. 36) Edwards did not remember feeling anything on the bottom of her shoe during the 10 to 15 steps she took before the second fall. (SUF ¶ 14) Edwards further testified:

> Q: That stickiness that you talked about on the bottom of your shoes, do you know where that came from?
>
> A: It had to be Target. . . . I fell in the Target store and I don't know-- I don't remember what it was.

(Edwards Dep. p. 40)

Neither Edwards, nor anyone else, observed anything on the floor at Target. (Edwards Dep. 37; Wittkorn Dep. p. 63) Although Edwards testified that her neighbor Sandy "saw" a "sticky" substance on the bottom of Edwards' shoe when Sandy came to see Edwards in the emergency room (Edwards Dep. p. 36), there is no testimony or evidence as to when Edwards first noticed it, and certainly no evidence that she saw it in Target.

**II. LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of

the nonmoving party.  Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010).  However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them.  Scott v. Harris, 550 U.S. 372, 380 (2007).  In the face of such evidence, summary judgment is still appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Walsh v. Krantz, 386 F. App'x 334, 338 (3d Cir. 2010).

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009).  "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate."  Id.  In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment.  Orsatti v. New Jersey State Police, 71

F.3d 480, 484 (3d Cir. 1995); accord. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment."). However, "the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial"; the evidence does not need to be in admissible form at the time of summary judgment. FOP v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016).

**III. ANALYSIS**

Under New Jersey law[3], "[p]roof of a fall alone [is not] adequate to create an inference of negligence or to give rise to the application of the doctrine of *res ipsa loquitur*." Simpson v. Duffy, 19 N.J. Super. 339, 343 (App. Div. 1952), certif. denied, 10 N.J. 315 (1952). Moreover, mere existence of a dangerous condition also does not give rise to liability. Rather, the dangerous condition must have "existed for such a length of time that [the business owner] should have known of its presence." Prioleau v. Kentucky Fried Chicken, Inc., 434 N.J. Super. 558, 570-72 (App. Div. 2014) (citing Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964)).

---

[3] This Court sitting in diversity applies state law. The events giving rise to this suit occurred in New Jersey, and Plaintiff is a New Jersey resident. The parties do not dispute that New Jersey law applies.

Target asserts that there is insufficient evidence in the record to support a finding that any dangerous condition existed at its store, and further, even if a dangerous condition did exist, the evidence in the record could only support the conclusion that the condition was invisible and unknown at the time of Edwards' falls.

The record facts, viewed in the light most favorable to Edwards, establish only the following: that in two separate places in the Target store, Edwards felt her foot stick to the ground, and then she fell. While Edwards "imagines" that her shoe must have stuck to the floor because of a sticky substance she must have stepped in somewhere in the Target store, Edwards' unsupported conjecture is not factual evidence. The lone fact that Edwards felt her foot stick to the floor does not reasonably support the inference that a dangerous condition--namely, some vague glue-like sticky condition-- caused Edwards to fall not once, but twice, in two separate places in the store.

Moreover, even if the Court assumes *arguendo* that Edwards' testimony about feeling her foot stick to the ground was sufficient evidence to create an issue of fact as to the existence of a dangerous condition at the Target store, there is no evidence from which a factfinder could conclude that Target should have known about it. Even as to Edwards' second fall, there is no evidence that Edwards told anyone at Target after her

first fall that she believed she stepped in something sticky, and there is no evidence in the record that anyone saw anything anywhere on the floor of the Target store. Indeed, Edwards' testimony invites conjecture, as she testified that she visited three other large stores (K-Mart, Walmart, and a hardware store) before Target. (Edwards Dep. p. 28-29) Thus, it is possible that the sticky substance that may have been on Edwards shoe did not come from the Target store but rather, was picked up before Edwards entered Target and only manifested as sticky after Edwards had walked on it for a period of time. In a nutshell, Edwards' testimony is sorely insufficient.

In response to Target's persuasive arguments in this regard, Edwards attempts to change her theory of liability. In her opposition brief, she argues that Target was negligent when it "failed to offer [her] medical assistance" and "failed to offer assistive devices such as a wheelchair" after she fell. (Opposition Brief, p. 10) No such allegations are contained in the Amended Complaint, however, and a brief cannot amend a pleading. Janowski v. City of N. Wildwood, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) ("the permissible role of a plaintiff's opposition brief is merely to explain the 'legal theories ... that find support in the allegations set forth in the

complaint.'") (quoting Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).[4]

Similarly, Edwards vaguely argues that the lack of any surveillance video of the incident warrants a finding of spoliation and an attendant adverse inference. However, as Target correctly observes, (a) the issue of spoliation is beyond the scope of Target's motion for summary judgment, and (b) Edwards points to no evidence that any relevant surveillance video existed in the first place. Accordingly, such a last-ditch, vague assertion of spoliation cannot defeat Target's motion for summary judgment.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted. An appropriate Order shall issue on this date.

Dated: January 8, 2018    s/ Renée Marie Bumb
                          RENÉE MARIE BUMB
                          UNITED STATES DISTRICT JUDGE

---

[4] In light of this ruling, the Court does not reach Target's argument that it did not owe Edwards a duty to ensure her safety after she informed Target's employee that she was fine.

10